UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| JAVIER RAMIREZ,<br><br>   Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of the<br>Social Security Administration,<br><br>   Defendant. | No. CV 14-7309-AS<br><br>**MEMORANDUM OPINION AND**<br>**ORDER OF REMAND** |

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that this matter is remanded for further administrative action consistent with this Opinion.

### I. PROCEEDINGS

Plaintiff Javier Ramirez ("Plaintiff"), a former fiberglass grinder, asserts disability since December 4, 2010, based on alleged physical and mental impairments. (A.R. 207). The Administrative Law Judge ("ALJ") examined the records and heard testimony from Plaintiff

1

and a vocational expert on February 21, 2013. (A.R. 74-85). The ALJ denied Plaintiff benefits in a written decision. (A.R. 14-30). The Appeals Council denied review of the ALJ's decision. (A.R. 1-3).

On September 23, 2015, Plaintiff filed a Complaint, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), alleging that the Social Security Administration erred in denying him disability benefits. (Docket Entry No. 3). On January 29, 2015, Defendant filed an Answer to the Complaint (Docket Entry No. 12), and the Certified Administrative Record ("A.R."), (Docket Entry No. 13). The parties have consented to proceed before a United States Magistrate Judge. (Docket Entry Nos. 8, 10). On April 14, 2015, the parties filed a Joint Stipulation ("Joint Stip.") setting forth their respective positions on Plaintiff's claims. (Docket Entry No. 15).

## II.   RELEVANT FACTS

On May 19, 2011, Plaintiff filed an application for Disability Insurance Benefits. (A.R. at 199-229). Plaintiff alleged an inability to work since December 4, 2010, due to diabetes, depression, high blood pressure, anxiety, fatigue, headaches, and stomach problems, as well as pain in his back, legs, feet, knees, hips, and waist. (A.R. at 224). On February 21, 2013, the Administrative Law Judge ("ALJ"), Joseph P. Lisiecki III, examined the record and heard testimony from Plaintiff and vocational expert ("VE") Alan Boroskin. (A.R. 72-85).

On March 5, 2013, the ALJ issued a decision denying Plaintiff's

2

application. (A.R. 18-24). The ALJ determined that Plaintiff had the following severe impairments: obesity, hyperlipidemia, type II diabetes, and lumbago. (A.R. at 20). However, the ALJ found that Plaintiff's alleged depression was not a severe impairment. (A.R. at 22). This determination was partially based on the ALJ's findings that Plaintiff had not reported any depression to his doctor until January, 2013. (A.R. at 22). Furthermore, the ALJ found that Plaintiff was only mildly limited in three functional areas listed in 20 C.F.R., Part 404, Subpart P, Appendix 1, and only mildly limited in his abilities to "interact appropriately with others and sustain focused concentration," (A.R. at 22), citing a Psychiatric Evaluation completed by Dr. Pinanong (A.R. 351-58).

After considering the evidence in the record, as well as Plaintiff's testimony, the ALJ found that Plaintiff's impairments did not meet or equal a listing under 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. (A.R. at 22). Furthermore, the ALJ found that Plaintiff possessed the residual functional capacity ("RFC") to "perform medium work . . . except lift/carry 25 pounds frequently, 50 pounds occasionally; stand/walk six hours of an eight hour day; and sit six hours of an eight hour day." (A.R. at 23). Based on the RFC determination and the testimony of the VE, the ALJ determined that Plaintiff could return to his past relevant work as a grinder, as that work is generally performed. (A.R. at 24). Therefore, the ALJ found that Plaintiff was not disabled under 20 C.F.R. § 404.1520(f). (A.R. at 24).
//
//

Plaintiff requested that the Appeals Council review the ALJ's decision. (A.R. 9-10). That request was denied on October 22, 2013. (A.R. 1-3). The ALJ's decision then became the final decision of the Commissioner, allowing this Court to review the decision. See 42 U.S.C. §§ 405(g); 1383(c).

### III. PLAINTIFF'S CONTENTIONS

Plaintiff claims that the ALJ (1) failed to properly consider Plaintiff's mental impairment; (2) inadequately assessed Plaintiff's testimony regarding his pain and limitations; (3) failed to properly consider the reports of Plaintiff's treating physicians; and (4) failed to properly consider the report of Plaintiff's daughter. (Joint Stip. at 4).

### IV. DISCUSSION

After consideration of the record, the Court finds that Plaintiff's first claim warrants a remand for further consideration. Since remand is appropriate on the issue of whether the ALJ properly analyzed Plaintiff's mental health impairment, the Court declines to consider the remaining issues.

//
//
//
//
//
//

**A. The ALJ Failed to Properly Consider Plaintiff's Mental Impairment**

1. Improper Consideration of Plaintiff's Failure to Seek Medical Treatment for Mental Health Impairment

Ordinarily, a claimant's failure to seek medical treatment suggests that the alleged impairment is not severe or disabling. See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) (citation omitted). However, an ALJ may not draw such inferences when evaluating a claimant's asserted mental impairments. Nguyen v. Chater, 100 F.3d 1462, 1465 (citations omitted) (acknowledging that depression is a highly underreported illness and that a claimant's failure to seek treatment for depression is an improper basis from which to conclude that the claimant does not suffer from it). Here, the ALJ erred when he determined that Plaintiff's failure to mention any depression to his primary care provider until January, 2013, militated against a finding that his depression was severe. (A.R. at 22). The Court notes that Plaintiff complained of depression during doctor visits in 2011. (A.R. at 273, 351, 353, 369, 427). However, even without such complaints, the ALJ may not rely on Plaintiff's failure to seek treatment to find that his depression was less severe than alleged. See Nguyen, 100 F.3d at 1465.

2. Failure to Discuss Psychiatric Review Technique

The Social Security Administration utilizes a special "technique" to evaluate the existence and severity of a claimant's

alleged mental impairments. See 20 C.F.R. § 404.1520a(e). The technique requires a reviewing psychiatrist to determine whether a claimant is mildly, moderately, markedly, or extremely impaired in three functional areas.[1] 20 C.F.R. § 404.1520a(c)(4). The three functional areas examined are: (1) restrictions of activities of daily living; (2) difficulties maintaining social functioning; and (3) difficulties maintaining concentration, pace, or persistence. 20 C.F.R. § 404.1520a(c)(3). Additionally, the reviewing psychiatrist may include a written evaluation at the end of the form on which the findings are memorialized. (See A.R. at 379). Any written decision by an ALJ "must incorporate the pertinent findings and conclusions based on the technique." 20 C.F.R. § 404.1520a(e)(4).

Here, the ALJ was presented with both a Psychiatric Evaluation and a Psychiatric Review Technique ("Technique"). (A.R. at 369-79). The Psychiatric Evaluation, completed by an examining psychiatrist, Dr. Pinanong, stated that Plaintiff was only mildly impaired in his ability to maintain social functioning. (A.R. 353). In contrast, the Technique, completed by a non-examining psychiatrist, Dr. Smith, found that Plaintiff had moderate difficulties in maintaining social functioning. (A.R. at 377). Furthermore, at the end of the Technique, Dr. Smith opined that Plaintiff's mental impairment was "severe." (A.R. at 379). In his written decision, the ALJ ostensibly ignored the "pertinent findings and conclusions" of the Technique, as he determined that Plaintiff's depression was non-

---

[1] The fourth functional area, episodes of decompensation, is analyzed on a different scale, see 20 C.F.R. § 404.1520a(c), and is irrelevant to this discussion.

severe and that Plaintiff was only mildly limited in his ability to maintain social functioning. (A.R. at 22). Under 20 C.F.R. § 404.1520a, the ALJ's failure to consider the Technique was impermissible.[2] Accordingly, his finding concerning Plaintiff's depression is in error.

3. Residual Functional Capacity Determination

A claimant's Residual Functional Capacity ("RFC") is an evaluation of "the most [a claimant] can still do despite [any] limitations." See 20 C.F.R § 404.1545(a)(1). When determining a claimant's RFC, an ALJ must take into account a claimant's various physical and mental impairments. 20 C.F.R. § 404.1545(a)(2). When evaluating a claimant's mental capacity, an ALJ must consider limitations in a claimant's abilities "to understand, carry out and remember simple instructions, to respond appropriately to supervision, coworkers, and work pressures in a work setting." 20 C.F.R. § 404.1545(c); see also 20 C.F.R. § 416.291(b).

Here, the ALJ found that Plaintiff possessed the RFC to return to his past relevant work as a fiberglass grinder. (A.R. at 24).

---

[2] Similarly problematic is the ALJ's failure to explain his disregard of Dr. Smith's opinion that Plaintiff's mental impairment was severe. An ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." Sousa v. Callahan, 143 F.3d 1240, 1244 (9th Cir. 1998) (citation omitted). Here, the ALJ did not offer any reasons for ostensibly rejecting the conclusions of Dr. Smith in favor of the conclusions of Dr. Pinanong. Assuming the ALJ intended to disregard Dr. Smith's findings, he was required to do so explicitly and "by reference to specific evidence in the medical record." See Sousa, 143 F.3d at 1244.

7

However, it is unclear from the record whether the ALJ properly analyzed Plaintiff's mental impairments when determining Plaintiff's RFC. As noted above, the ALJ incorrectly noted that Plaintiff initially complained of depression in January, 2013, and improperly used this perceived failure to seek treatment as a reason to find Plaintiff's depression non-severe. Additionally, the ALJ did not discuss the factors set forth in 20 C.F.R. § 404.1545(c).[3] As a result, the written decision is devoid of indications that the ALJ considered such information when determining Plaintiff's RFC.

**B.    The Errors Were Not Harmless**

"[H]armless error principles apply in the Social Security . . . context." Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006)). Generally, "an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" Id. (citing Carmickle v. Comm'r Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)).

The Court finds that the ALJ's errors were not harmless. A claimant's RFC "may be the most critical finding contributing to the

---

[3] In a document titled Mental Residual Functional Capacity Assessment ("MRFC"), Dr. Smith found that Plaintiff is moderately impaired in the following ways: (1) "ability to work in coordination with or proximity to others without being distracted by them;" (2) "the ability to interact appropriately with the general public;" (3) "the ability to accept instructions and respond appropriately to criticism from supervisors;" and (4) "the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes." (A.R. at 380—81).

8

final . . . decision about disability." See McCawley v. Astrue, 423 F.App'x 687, 689 (9th Cir. 2011) (quoting SSR 96—5p). As discussed previously, the ALJ's errors in this case likely affected his determination of Plaintiff's RFC, which potentially affected the determination of disability. Furthermore, the ALJ's failure to remark on the § 1520a elements may be reversible error. See Selassie v. Barnhart, 203 F.App'x 174, 176 (9th Cir. 2006) (quoting Gutierrez v. Apfel, 199 F.3d 1048, 1051 (9th Cir. 2000) (holding that an ALJ's failure to properly utilize the technique requires reversal if claimant has a "colorable claim of mental impairment")). Because the ALJ's errors are not clearly "inconsequential to the ultimate disability determination," they cannot be deemed harmless. See Carmickle, 466 F.3d at 885.

Finally, the Court explicitly refrains from finding that sufficient evidence exists in the record to support the ALJ's denial of benefits. The Court is bound to consider only those reasons for denial that are discussed and memorialized in the ALJ's written opinion. See Ceguerra v. Sec. Health and Human Servs., 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency."); see also Byrnes v. Shalala, 60 F.3d 639, 641 (9th Cir. 1995) (citations omitted). Because the Court cannot conclude, based on the written decision, that the ALJ properly considered Plaintiff's mental impairment, the Court also cannot find that the ALJ's errors were harmless.

//
//

**C.   Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman, 211 F.3d at 1179-81.

Since the ALJ failed to properly consider Plaintiff's mental impairment and in determining Plaintiff's RFC, remand is appropriate. Because outstanding issues must be resolved before a determination of disability can be made, and "when the record as a whole creates serious doubt as to whether the [Plaintiff] is, in fact, disabled within the meaning of the Social Security Act," further administrative proceedings would serve a useful purpose and remedy defects. Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014) (citations omitted). The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that Plaintiff is in fact disabled." See

Garrison v. Colvin, 759 F.3d 995, 1021 (2014). Accordingly, the Court declines to rule on Plaintiff's claims regarding the ALJ's alleged failure to properly assess the Plaintiff's testimony regarding his pain and limitations, to consider the reports of Plaintiff's treating physicians, and to consider the report of Plaintiff's daughter. Because this matter is being remanded for further consideration, these issues should also be considered on remand, if necessary.

**ORDER**

For the foregoing reasons, the decision of the Commissioner is REVERSED, and the matter is REMANDED, without benefits, for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 6, 2015.

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE